| | |
|---|---|
| KANSAS CITY CEMENT MASONS<br>PENSION FUND, a Trust Fund,<br><br>and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE KANSAS CITY CEMENT<br>MASONS PENSION FUND,<br><br>and<br><br>CEMENT MASONS AND PLASTERERS LOCAL 518<br>HEALTH CARE FUND, a Trust Fund,<br><br>and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE CEMENT MASONS AND<br>PLASTERERS LOCAL 518 HEALTH CARE FUND,<br><br>and<br><br>CEMENT MASONS AND PLASTERERS<br>LOCAL 518 VACATION FUND, a Trust Fund,<br><br>and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE CEMENT MASONS AND<br>PLASTERERS LOCAL 518 VACATION FUND,<br><br>and<br><br>CEMENT MASONS APPRENTICESHIP AND TRAINING<br>FUND, a Trust Fund,<br><br>and<br><br>DAVID KIRKPATRICK AND DR. RICHARD BRUCE<br>TRUSTEES OF THE CEMENT MASONS<br>APPRENTICESHIP AND TRAINING FUND,<br><br>        Plaintiffs,<br>    vs. | **No.** |

{00298644;CM16-173;DJP }

| | |
|---|---|
| **LAN-TEL COMMUNICATIONS SERVICES, INC.** | ) |
| **[SERVE:   Eric D. Roby** | ) |
| **            Registered Agent** | ) |
| **            233 West Walnut Street** | ) |
| **            Independence, MO  64050]** | ) |
| | ) |
|               Defendant. | ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Kansas City Cement Masons Pension Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund, and, for their cause of action under Count I against Defendant, state:

1.   This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2.   Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund; Plaintiff, Kansas City Cement Masons Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3.   Said Plaintiff Fund was established on January 26, 1966, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter

referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Missouri corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Cement Masons performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. Defendant on or about **September 19, 2011**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Heavy Constructors Association of the Greater Kansas City

Area and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9. Cement Mason employees of the Defendant were employed under the terms of the collective bargaining agreements between the Heavy Constructors Association of the Greater Kansas City Area and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from **September 19, 2011,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2016,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **January 1, 2016**, to date.

11. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other

records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13. An audit of Defendant's books and records for the period **January 1, 2013 through December 31, 2015**, shows that Defendant owes Plaintiffs **ONE THOUSAND, ONE HUNDRED EIGHT AND 36/100 ($1,108.36) DOLLARS** in unpaid fringe benefit contributions, **ONE HUNDRED NINETY-FIVE AND 86/100 ($195.86) DOLLARS** as and for liquidated damages and **TWENTY-ONE AND 59/100 ($21.59) DOLLARS** as and for interest.

14. An audit of Defendant's books and records for the period **January 1, 2013 through December 31, 2015**, shows that Defendant owes Plaintiffs **SEVEN HUNDRED FIFTY-FOUR AND 23/100 ($754.23) DOLLARS** in unpaid Defined Benefit Plan contributions, **ONE HUNDRED THIRTY-TWO AND 51/100 ($132.51) DOLLARS** as and for liquidated damages and **FOURTEEN AND 72/100 ($14.72) DOLLARS** as and for interest.

15. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

16. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

17. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically

perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

18. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

19. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2016,** to date; and

B. For judgment against Defendant in the amount of **ONE THOUSAND, ONE HUNDRED EIGHT AND 36/100 ($1,108.36) DOLLARS** in unpaid fringe benefit contributions, **ONE HUNDRED NINETY-FIVE AND 86/100 ($195.86) DOLLARS** as and for liquidated damages and **TWENTY-ONE AND 59/100 ($21.59) DOLLARS** for interest due and owing for the period **January 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016**, to date; and

{00298644;CM16-173;DJP }

6

C. For judgment against Defendant in the amount of **SEVEN HUNDRED FIFTY-FOUR AND 23/100 ($754.23) DOLLARS** in unpaid Defined Benefit Plan contributions, **ONE HUNDRED THIRTY-TWO AND 51/100 ($132.51) DOLLARS** as and for liquidated damages and **FOURTEEN AND 72/100 ($14.72) DOLLARS** for interest due and owing for the period **January 1, 2013 through December 31, 2015** for the Defined Contribution Plan; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

D. For judgment against Defendant for liquidated damages; and

E. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

F. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

G. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

H. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

I. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

J. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

{00298644;CM16-173;DJP }

7

Case 4:16-cv-01258-JTM   Document 1   Filed 11/30/16   Page 7 of 20

K. For judgment against Defendant for costs incurred in this action; and

L. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Health Care Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund, and, for their cause of action under Count II against Defendant state:

1. Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund; Plaintiff Cement Masons and Plasterers Local 518 Health Care Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Bricklayers, Masons and Plasterers Union, Local Union No. 18 of Kansas and Local Unions Nos. 4 and 21 of Missouri (hereinafter referred to as "Union"); pursuant to the provisions of the Trust Agreement, Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO, became a party to said Trust Agreement effective June 18, 1960; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2013 through December 31, 2015** shows that Defendant owes Plaintiffs **ONE THOUSAND, SEVEN HUNDRED SIXTY-FOUR AND 85/100 ($1,764.85) DOLLARS** in unpaid fringe benefit contributions, **THREE HUNDRED NINE AND 84/100 ($309.84) DOLLARS** as and for liquidated damages and **THIRTY-FOUR AND 11/100 ($34.11) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2016,** to date; and

B. For judgment against Defendant in the amount of **ONE THOUSAND, SEVEN HUNDRED SIXTY-FOUR AND 85/100 ($1,764.85) DOLLARS** in unpaid fringe benefit contributions, **THREE HUNDRED NINE AND 84/100 ($309.84) DOLLARS** as and for liquidated damages and **THIRTY-FOUR AND 11/100 ($34.11) DOLLARS** for interest due and owing for the period **January 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Vacation Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to

{00298644;CM16-173;DJP }

maintain this action on behalf of the Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund; Plaintiff Cement Masons and Plasterers Local 518 Vacation Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on April 1, 1986, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's books and records for the period **January 1, 2013 through December 31, 2015** shows that Defendant owes Plaintiffs **ONE THOUSAND, ONE HUNDRED SIXTY-SEVEN AND 50/100 ($1,167.50) DOLLARS** in unpaid fringe benefit contributions, **TWO HUNDRED FIVE AND 13/100 ($205.13) DOLLARS** as and for liquidated damages and **TWENTY-TWO AND 80/100 ($22.80) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2016,** to date; and

B. For judgment against Defendant in the amount of **ONE THOUSAND, ONE HUNDRED SIXTY-SEVEN AND 50/100 ($1,167.50) DOLLARS** in unpaid fringe benefit contributions, **TWO HUNDRED**

{00298644;CM16-173;DJP }

**FIVE AND 13/100 ($205.13) DOLLARS** as and for liquidated damages and **TWENTY-TWO AND 80/100 ($22.80) DOLLARS** for interest due and owing for the period **January 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

      C.      For judgment against Defendant for liquidated damages; and

      D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

      E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

      F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

      G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

      H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

      I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

      J.      For judgment against Defendant for costs incurred in this action; and

      K.      For such other relief as the Court may deem appropriate.

{00298644;CM16-173;DJP }

## COUNT IV

Come now Plaintiffs, Cement Masons Apprenticeship and Training Fund, a Trust Fund, and Dr. Richard Bruce and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Cement Masons Apprenticeship and Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, Dr. Richard Bruce and Erica Jenkins are duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Cement Masons Apprenticeship and Training Fund; Plaintiff Cement Masons Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on June 1, 1993, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's books and records for the period **January 1, 2013 through December 31, 2015,** shows that Defendant owes Plaintiffs **NINETY-FIVE AND 41/100 ($95.41) DOLLARS** in unpaid fringe benefit contributions, **SIXTEEN AND 70/100 ($16.70) DOLLARS** as and for liquidated damages and **ONE AND 77/100 ($1.77) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven

(11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2016,** to date; and

B. For judgment against Defendant in the amount of **NINETY-FIVE AND 41/100 ($95.41) DOLLARS** in unpaid fringe benefit contributions, **SIXTEEN AND 70/100 ($16.70) DOLLARS** as and for liquidated damages and **ONE AND 77/100 ($1.77) DOLLARS** for interest due and owing for the period **January 1, 2013 through December 31, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2016,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT V

1. Plaintiffs Kansas City Cement Masons Pension Fund, Cement Masons and Plasterers Local 518 Welfare Fund, Cement Masons and Plasterers Local 518 Vacation Fund and Cement Masons Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. § 186) trust funds and employee benefit plans as defined in 29 U.S.C. § 1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs David Kirkpatrick and Erica Jenkins, (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund; that Plaintiffs David Kirkpatrick and Erica Jenkins, (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Cement Masons and Plasterers Local 518 Welfare Fund; that Plaintiffs David Kirkpatrick and Erica Jenkins, (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518

Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund; that Plaintiffs Dr. Richard Bruce and Erica Jenkins, (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Cement Masons Apprenticeship and Training Fund.

2. Defendant *Lan-Tel Communications Services, Inc.* is a Missouri corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Cement Masons performing work covered by the collective bargaining agreements herein mentioned.

3. Defendant, at all times material herein, stipulated and agreed to be bound by the terms of the collective bargaining agreements then in effect and that would subsequently be in effect between The Builders' Association, (hereinafter referred to as "Association"), and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO, (hereinafter referred to as "Union"); Defendant thereby became bound by the terms and conditions of the collective bargaining agreement then in effect and that would subsequently be in effect between the Association and the Union.

4. Plaintiff Funds are trust funds existing and established pursuant to collective bargaining agreements between the Association and the Union.

5. The cement mason employees of Defendant were employed under the terms of said collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to submit written reports within ten (10) days after the last day of the preceding month for the hours

{00298644;CM16-173;DJP }

worked during said preceding month along with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements and Amended Trust Agreements for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016.**

6. The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Funds therein mentioned are made later than the time required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees and Court costs incurred to enforce timely payments from Defendants' employer.

7. Defendants are required by Section 515 of ERISA, 29 U.S.C. § 1145, to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreements as amended, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendants' obligations under the applicable collective bargaining agreements and Trust Agreements. Plaintiff Funds are entitled to liquidated damages and interest as provided for in the aforesaid Trust Agreement, as amended, and applicable collective bargaining agreements, such other legal or equitable relief as the Court deems appropriate in the circumstances, reasonable attorneys' fees, and their costs of this action.

8. The assessment of liquidated damages and interest against the employer Defendants for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016** totals **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS.**

{00298644;CM16-173;DJP }

17

Case 4:16-cv-01258-JTM   Document 1   Filed 11/30/16   Page 17 of 20

9. Demand has been made by Plaintiff Funds for payment of liquidated damages and interest and Defendants have failed to tender payment of said amounts.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS** as and for liquidated damages and interest for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016**; reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

### COUNT VI

Come now, Plaintiffs Kansas City Cement Masons Pension Fund, Cement Masons and Plasterers Local 518 Welfare Fund, Cement Masons and Plasterers Local 518 Vacation Fund and Cement Masons Apprenticeship and Training Fund, and Trustees David Kirkpatrick, Dr. Richard Bruce and Erica Jenkins, Trustees of the Plaintiff Funds, for Count VI of the within Complaint, and in the alternative to Count V herein, state as follows:

1. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5) and Six (6) of Count V of the within Complaint.

2. Plaintiffs bring the claim in Count VI pursuant to 29 U.S.C. § 1132(a)(3) to enforce the terms of the respective collective bargaining agreements and trust agreements (collectively referred to as "plan documents") of the Plaintiff Funds which impose liquidated damages and interest on contributions that are not timely paid as required under the terms of the collective bargaining agreement to which Defendant is bound and the Trust Agreements of the Plaintiff Funds to which Defendant is also bound.

{00298644;CM16-173;DJP }

3. In accordance with the plan documents of the Plaintiff Funds, liquidated damages and interest have been assessed against the Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016** totals **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS.**

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS** as and for liquidated damages and interest for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016**; for a reasonable attorneys' fee; and such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

## COUNT VII

Come now, Plaintiffs Kansas City Cement Masons Pension Fund, Cement Masons and Plasterers Local 518 Welfare Fund, Cement Masons and Plasterers Local 518 Vacation Fund and Cement Masons Apprenticeship and Training Fund, and Trustees David Kirkpatrick, Dr. Richard Bruce and Erica Jenkins, for Count VII of the within Complaint, and in the alternative to Counts V and VI herein, state as follows:

1. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Two (2), Three (3), Four (4), Five (5) and Six (6) of Count V of the within Complaint.

2. Plaintiffs bring the claim in Count VII pursuant to 29 U.S.C. §185 to enforce the provisions of the collective bargaining agreement to which Defendant is bound imposing liquidated

{00298644;CM16-173;DJP }

damages and interest on late-paid employee benefit plan contributions as third party beneficiaries of such collective bargaining agreement.

3. In accordance with the terms of the collective bargaining agreement to which Defendant is a party, liquidated damages and interest have been assessed against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016,** in the total amount of **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS.**

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **NINE THOUSAND, NINE HUNDRED THREE AND 57/100 ($9,903.57) DOLLARS** as and for liquidated damages and interest for late paid employee benefit plan contributions due for the months of **APRIL THROUGH DECEMBER 2013; MARCH THROUGH DECEMBER 2015; AND MARCH THROUGH MAY 2016**; a reasonable attorneys' fee; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Michael G. Newbold*
Michael G. Newbold, No. 25523

*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574
Attorneys for Plaintiffs

{00298644;CM16-173;DJP }