# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KANSAS CITY CEMENT MASONS ) | |
| PENSION FUND, et al., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-1258-CV-W-JTM |
| LAN-TEL COMMUNICATIONS SERVICES, ) | |
| Et al., ) | |
| ) | |
| **Defendants.** ) | |

## SCHEDULING AND TRIAL ORDER

### A. DISCOVERY SCHEDULE

**NOTICE TO ALL COUNSEL: Counsel are advised to read this Order carefully. Suggestions in support of or in opposition to a motion shall be no longer than 15 double spaced typewritten pages, exclusive of facts presented in accordance with Local Rule 56.1, without permission of the Court. Reply suggestions shall be limited to 10 double spaced pages, unless otherwise authorized by the Court. Suggestions exceeding 10 pages in length shall have a table of contents and table of authorities.**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and upon consideration of the parties' proposed scheduling order, this Court finds that the following time limits are appropriate:

I. Any motion to join additional parties will be filed on or before September 12, 2017.

II. Any motion to amend the pleadings will be filed on or before September 12, 2017.

III. Discovery. All pretrial discovery authorized by the Federal Rules of Civil Procedure will be completed on or before December 4, 2017. This means all discovery shall be completed, not simply submitted, on the date specified by this paragraph. All discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the taking of depositions.

IV. Discovery motions. All discovery motions will be filed on or before December 4, 2017. The Court will not entertain any discovery motions absent full compliance with Local Rule

37.1. If the discovery dispute involves electronically stored information, the parties shall consult the Principles for the Discovery of Electronically Stored Information available on the Court's website. **No motion relating to a discovery dispute shall be filed until the following steps have been taken:**

- A. Counsel for the moving party has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. See Fed. R. Civ. P. 26(c).

- B. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. No written discovery motion shall be filed until this conference has been held.

- C. In the event a telephone conference is needed, the requesting party shall contact Chambers at 816-512-5745. A memorandum of the discovery dispute, not to exceed one page in length, shall be electronically submitted to Chambers by each party no later than twenty-four hours prior to the telephone conference. The memorandum shall not be filed on ECF but shall be shared with opposing counsel.

V. Dispositive Motions. All dispositive motions, except those under Fed. R. Civ. P. 12(h)(2) or (3), will be filed on or before February 5, 2018. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.

- A. <u>Dispositive Motions</u>: All <u>dispositive</u> motions shall have a separate section wherein each statement of fact is individually numbered, so that any party opposing such motions may specifically point to a genuine issue of material fact.

- B. <u>Summary Judgment Motions</u>:

    1. The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established. See Fed. R. Civ. P. 56(c)

    2. Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts

as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposition party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is in dispute. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

    3.    All facts on which a motion or opposition is based shall be presented in accordance with Fed. R. Civ. P. 56. Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated. Where facts referred to are contained in another document, such as a deposition, interrogatory answer or admission, a copy of the relevant excerpt from the document shall be attached.

VI.    Expert Designation Deadlines. The plaintiff shall designate any expert witnesses it intends to call at trial on or before <u>October 9, 2017</u>, and the defendant shall designate any expert witnesses it intends to call at trial on or before <u>October 23, 2017</u>. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited at trial.

Along with each party's designation of expert witnesses, each party shall provide the other parties with a report, pursuant to Fed. R. Civ. P. 26(a)(2)(B), from each expert witness designated. The report shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Expert witnesses may testify only as to matters contained in the report described above unless leave of Court is granted upon good cause shown.

With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of this Order.

3

A. *Daubert* Motions

All motions to strike expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before February 5, 2018. The deadline for filing motions in limine does not apply to these motions. Failure to file a *Daubert* motion prior to this deadline will constitute a waiver of any arguments based on *Daubert*.

VII. Motions for Extension of Time: All motions for extension of time, pursuant to Fed. R. Civ. P. 6(b), or to respond to request for discovery, pursuant to Fed. R. Civ. P. 31, 33, 34, and 36, must state:

A. The date when the original pleading, response, or other action is or was first due;

B. The number of previous extensions and the date the last extension expires;

C. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

D. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

**Any motion for an extension of time filed without first complying with these procedures will be denied.**

VIII. Certifications to the Court: Prior to the close of discovery, counsel for all parties shall meet, at least once, in person, and discuss settlement. Upon completion of this requirement, counsel shall certify to this Court the time and place of such meeting, the names of parties and counsel present and the results of the meeting.

## B. TRIAL ORDER

I. Trial Setting:

A. This case is scheduled as the #1 case for trial case for a bench trial commencing Tuesday, June 19, 2018 at 9:00 a.m. Counsel for the parties shall have the responsibility to maintain contact with the Court to ascertain if this case will be tried on date. The trial will be held in Courtroom 7E (7th floor), Charles Evans Whittaker Courthouse, 400 E. 9th Street, Kansas City, Missouri.

B. A final pretrial conference will be held one-half (½) hour before the trial in the Courtroom.

II. Initial Pretrial Conference:

   A. An initial pretrial conference in this case will be held on <u>June 5, 2018</u>, at <u>2:00 p.m.</u>, in Chambers, Room 7662 (7th floor) at the Courthouse.

   B. The agenda for the initial pretrial conference will include:

      1. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

      2. Identification of factual and legal issues to be tried;

      3. Disposition of pending motions;

      4. Discussion of any legal questions which a party or parties believe must be resolved prior to trial;

      5. Discussion of any suggestions by counsel to simplify and expedite the trial;

      6. Discussion of the status of settlement negotiations;

      7. Notification of specific rules of trial procedures employed by the Court; and,

      8. Discussion of expert testimony expected to be presented at trial.

III. Post Discovery:

   A. <u>Motions in Limine</u>:  Motions in limine shall be filed at least fourteen (14) days prior to the pretrial conference.   Responses to motions in limine shall be filed at least seven (7) days prior to the pretrial conference.   Each party shall file its motions in limine in a single document on ECF, designating separate evidentiary issues by numbered headings within the document.

   B. <u>Witness List</u>:  Ninety (90) days prior to trial, each party will file a list of the names of all persons the party anticipates calling as witnesses at trial.   If a person is not listed by a party, that person will not be permitted to testify, absent leave of court and for the <u>sole</u> purpose of reasonably unanticipated rebuttal or impeachment.   After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause.

   C. <u>Exhibit List</u>:   Ninety (90) days prior to trial, each party shall serve and file a list of all exhibits which may be offered in evidence.   It is not necessary to list exhibits to be used <u>solely</u> for reasonably unanticipated impeachment or rebuttal purposes.

1. Except by leave of Court for good cause, no exhibit will be received in evidence which is not so listed by the counsel offering the exhibit, and

2. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause.

D. <u>Making Exhibits Available to Opposing Party</u>: Unless otherwise agreed to, the parties shall exchange copies of all trial exhibits, including documents, 14 days before trial, each party bearing the costs of producing their own exhibits. Any party having an authenticity objection to any exhibit shall file its objection seven (7) days before trial.

E. <u>Exhibit Index</u>: All exhibits to be offered in evidence shall be listed on the court's Exhibit Index provided by the Court at http://www.mow.uscourts.gov/forms.html#district. The original and two copies of the completed index shall be delivered to the courtroom deputy at least one-half hour before trial.

F. <u>Exhibits Delivered to the Court</u>: Each exhibit that may be offered into evidence should be properly marked with the <u>court's</u> exhibit sticker which can be obtained from the Clerk's Office. Plaintiff shall number its exhibits 1 through 499; defendant shall number its exhibits 500 through 999. Each party shall provide two binders containing copies of each exhibit that can be copied inexpensively to be used by the Judge and Law Clerk during trial. These binders shall be delivered to the courtroom deputy one-half hour before trial.

G. <u>Deposition Testimony</u>:

1. At least fourteen (14) days prior to the date of the trial, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

2. Objections to Designated Deposition Testimony and Counter Designation. At least seven (7) days prior to the date of the trial, each party shall file and serve:

    a. Any objections to proposed deposition testimony designated by any other party; the Court will not consider objections to deposition designations unless counsel have met and conferred in a good faith effort to settle the objections; and

    b. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

6

c. Upon filing objections to any designation (including counter-designations) the objecting party shall also provide a paper copy of the objections and the deposition at issue directly to chambers.

3. Objections to Counter Designations. At least three (3) business days prior to the date of the trial, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

H. <u>Filing of Trial Briefs in Jury and Non-Jury Cases and Suggested Findings of Fact in Non-Jury Cases</u>:

1. In actions to be tried with or without a jury, at least 14 days prior to the date of trial, counsel for each party shall file a trial brief stating separately the factual and legal contentions for the party for whom the trial brief is filed, with citations of authority relied upon in respect to each legal contention, and

2. In actions to be tried without a jury, each party will file suggested findings of fact and suggested conclusions of law separately stated in separately numbered paragraphs.

I. <u>Pretrial Evidentiary Motions</u>:

1. At least seven (7) days prior to the pretrial conference on June 5, 2018, counsel shall file any motion seeking an evidentiary ruling before trial, and

2. Any responses to these motions shall be filed four (4) days prior to the pretrial conference.

J. <u>Filing of Stipulation of Uncontroverted Facts</u>:

At least seven (7) days prior to the pretrial conference, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed by the time set for this meeting, a request to stipulate, if preserved in the record, will constitute a request for admission under Fed. R. Civ. P. 36, and failure to stipulate may be subject to sanctions under Fed. R. Civ. P. 37(c). The Stipulation of Uncontroverted Facts will then be prepared by counsel for plaintiff, signed by counsel for all parties, and filed by counsel for plaintiff no more than forty (40) days after the date fixed for the close of discovery.

IV. Settlement Deadline. Unless otherwise ordered, the court hereby imposes a settlement

7

Case 4:16-cv-01258-JTM   Document 13   Filed 06/29/17   Page 7 of 8

deadline of 12:00 Noon on the business day before trial. If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

       IT IS SO ORDERED.

                                                ***/s/ JOHN T. MAUGHMER***
                                                    JOHN T. MAUGHMER
                                            United States Magistrate Judge

Kansas City, Missouri