IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS CITY CEMENT MASONS<br>PENSION FUND et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | NO. 16-1258-CV-W-JTM |
| | ) | |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT LAN-TEL COMMUNICATIONS SERVICES, INC.

COME NOW Plaintiffs, and hereby request that defendant Lan-Tel Communications Services, Inc., LLC ("Lan-Tel") or its authorized representative, admit the following facts and to admit that the copies of documents which are attached hereto are genuine, true and exact copies of the original documents of which they purport to be copies of, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure to be answered within 30 days of service hereof:

1.     The attached Exhibit "A" is a true and accurate copy of a stipulation dated September 19, 2011, signed on behalf of Lan-Tel.

**RESPONSE:**
        See attached

a.     If your response to Request for Admission No. 1 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

2.      Lan-Tel executed the contract stipulation dated September 19, 2011 (Exhibit "A") binding it to the terms of the collective bargaining agreement between the Heavy Constructors Association of the Greater Kansas City Area and the Operative Plasterers & Cement Masons' Local Union No. 518.

**RESPONSE:** See Attached

a.  If your response to Request for Admission No. 2 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

3.      The attached Exhibit "B" is a true and accurate copy of the Collective Bargaining Agreement between The Heavy Constructors Association of the Greater Kansas City Area and Cement Masons Local Union 518 of the Operative Plasterers' and Cement Masons International Association, AFL-CIO, effective 04-01-10 to 03-31-14.

**RESPONSE:** See attached

a.      If your response to Request for Admission No. 3 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

4.      Lan-Tel was bound to the collective bargaining agreement referenced in Request for Admission No. 3 above for the period 04-01-10, to date.

**RESPONSE:** See attached

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 2 of 14

a. If your response to Request for Admission No. 4 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

5. The attached Exhibit "C" is a true and accurate copy of the Collective Bargaining Agreement between Collective Bargaining Agreement between The Heavy Constructors Association of the Greater Kansas City Area and Cement Masons Local Union 518 of the Operative Plasterers' and Cement Masons International Association, AFL-CIO, effective 04-01-14 to 03-31-19;

**RESPONSE:** See attached

a. If your response to Request for Admission No. 5 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

6. Lan-Tel was and continues to be bound to the collective bargaining agreement referenced in Request for Admission No. 5 above for the period 04-01-14, to date.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 6 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 3 of 14

7.     Lan-Tel was bound by the terms and conditions of the trust agreements for each of the Plaintiff Funds for the period of 04-01-10, to date, through its acceptance of the collective bargaining agreements identified in Requests for Admissions Nos. 3 and 5 above.

   a.     If your response to Request for Admission No. 7 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

   **RESPONSE:**

8.     Lan-Tel employed cement masons during the period January 1, 2013 through December 31, 2015.

   **RESPONSE:** See attached

   a.     If your response to Request for Admission No. 8 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

   **RESPONSE:**

9.     Lan-Tel's cement mason employees performed work which was covered by the collective bargaining agreements identified in Requests for Admissions Nos. 3 and 5 above, during the period January 1, 2013 through December 31, 2015.

   **RESPONSE:** See attached

   a.     If your response to Request for Admission No. 9 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

   **RESPONSE:**

10.    Lan-Tel agreed, under the terms of the collective bargaining agreements identified in Requests for Admissions Nos. 3 and 5 above, to pay and contribute to Plaintiff Funds various sums per hour for each cement mason employee performing work covered under said collective bargaining agreement.

**RESPONSE:** See attached

a.    If your response to Request for Admission No. 10 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

11.    Attached as Exhibit "D" is a true and accurate copy of the audit of Lan-Tel prepared by Construction Benefits Audit Corporation ("CBAC") for the period January 1, 2013 through December 31, 2015.

**RESPONSE:** See attached

a.    If your response to Request for Admission No. 11 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

12.    Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 3 and 5 above, Lan-Tel is obligated to Plaintiff Funds for unpaid employee benefit plan contributions due on behalf of cement mason employees employed by Lan-Tel for work that was covered by the CBAs in the amount of $6,364.90 as shown in the Audit, attached as Exhibit "D" for the period January 1, 2013 through December 31, 2015.

**RESPONSE:** See attached

    a.    If your response to Request for Admission No. 12 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

13.    Lan-Tel agreed, under the terms of the collective bargaining agreement and trust agreements to which Lan-Tel became bound, to pay liquidated damages and interest on contributions made later than the time required to said Plaintiff Funds.

**RESPONSE:** See attached

    a.    If your response to Request for Admission No. 13 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

14.    Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 3 and 5 above and the trust agreements to which Lan-Tel became bound, Lan-Tel is obligated to Plaintiffs for costs incurred by Plaintiffs in collection of the amount referred to in Request for Admission No. 12.

**RESPONSE:** See attached

    a.    If your response to Request for Admission No. 14 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 6 of 14

15. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 3 and 5 above and the trust agreements to which Lan-Tel became bound, Lan-Tel is obligated to Plaintiffs for interest accrued on the amount referred to in Request for Admission No. 12 from the time beginning when payment of the amount referred to in Request for Admission No. 12 became due.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 15 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**


16. Pursuant to the terms of the collective bargaining agreements identified in Requests for Admission Nos. 3 and 5 above and trust agreements to which Lan-Tel became bound, Lan-Tel is obligated to Plaintiff Funds for attorneys' fees incurred by Plaintiffs in collection of the amount referred to in Request for Admission No. 12.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 16 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**


17. Jose Colin was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 7 of 14

**RESPONSE:**
        See attached

    a.    If your response to Request for Admission No. 17 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

18.    Jose Colin was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

    a.    If your response to Request for Admission No. 18 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

19.    Jose Colin performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

    a.    If your response to Request for Admission No. 19 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

20.    Kevin Martin was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a.      If your response to Request for Admission No. 20 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

21.      Kevin Martin was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:**   See attached

a.      If your response to Request for Admission No. 21 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

22.      Kevin Martin performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:**   See attached

a.      If your response to Request for Admission No. 22 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

23.      Eric Ulmer was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:**   See attached

a. If your response to Request for Admission No. 23 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

24. Eric Ulmer was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 24 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

25. Eric Ulmer performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 25 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

26. Heber Colin-Uribe was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 10 of 14

a.　　If your response to Request for Admission No. 26 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

27.　　Heber Colin-Uribe was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a.　　If your response to Request for Admission No. 27 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

28.　　Heber Colin-Uribe performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a.　　If your response to Request for Admission No. 28 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

29.　　Diego Contreras-Calderon was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 29 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

30. Diego Contreras-Calderon was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 30 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

31. Diego Contreras-Calderon performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a. If your response to Request for Admission No. 31 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

32. Claudio Flores Gonzalez was an employee of Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

Case 4:16-cv-01258-JTM   Document 17-1   Filed 01/02/18   Page 12 of 14

a.     If your response to Request for Admission No. 32 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

33.    Claudio Flores Gonzalez was employed as a cement mason by Lan-Tel between the period January 1, 2013 and December 31, 2015.

**RESPONSE:** See attached

a.     If your response to Request for Admission No. 33 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

34.    Claudio Flores Gonzalez performed bargaining unit work as a cement mason for which contributions were due to the Plaintiff Funds between the period January 1, 2013 and December 31, 2015.

**RESPONSE:**
            See attached

a.    If your response to Request for Admission No. 34 is anything other than an unqualified admission, please describe in detail all facts and law that support your denial or qualification.

**RESPONSE:**

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:     (816) 421-5788
Facsimile:     (816) 471-5574
*Attorneys for Plaintiffs*