IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | NO.: 16-1258-CV-W-JTM |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Lan-Tel Communication Services, Inc., by and through their attorney of record, and in Opposition to Plaintiff's Motion for Summary Judgment and memorandum in support thereof states as follows.

### STATEMENT OF UNDISPUTED FACTS

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit in part. Deny in part. Defendant admits that Lan-Tel employed Cement Mason employees which performed concrete work which was covered by the CBA's, however Defendant also maintains that it had employees performing work that was not concrete work which was covered by the CBA's or for which it was required to make contributions.

(See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

8. Admit.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Admit in part. Deny in part. Defendant admits that those employees performed cement mason's work for which Lan-Tel was required to make contributions to the funds. However, Defendant also maintains that employees Diego Contraras-Colderon and Herber Colin-Uribe performed work on behalf of Lan-Tel which was not covered by the CBA or for which contributions were due from Defendant. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

15. Admit in part. Deny in part. Defendant admits that at the deposition, the employees described work which consisted of concrete finishing and flat work, pouring concrete, setting forms, pulling curb, finishing sidewalks and driveways and the use of tools such as trowels, joiners, floats screeds, edgers, darbies and/or come-alongs. Defendant also maintains that employees also performed work which was not covered under the terms of the CBA or for which contributions were due from Defendant. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

16. Admit

17. Deny. Defendant was not required to make all of the contributions claimed by Plaintiff because certain employees at issue were not performing bargaining unit work for which

contributions were due under the CBA. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Deny. Defendant disputes the amount of unpaid contributions alleged by the Plaintiff because certain employees performed work that was not bargaining unit work which required contributions under the CBA's. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

33. Deny. Defendant disputes the amount of unpaid contributions alleged by the Plaintiff because certain employees performed work that was not bargaining unit work which required

contributions under the CBA's. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

34. Admit

35. Admit.

36. Admit.

37. Deny. Defendant denies that it is responsible for the liquidated damages in the amount of $860.04. Plaintiff's alleged interest amount is based on a incorrect amount claimed on un-paid benefits and dues. The amount claimed includes hours which were not bargaining units for which the Defendant is responsible to pay contributions under the CBA's. (See Affidavit's of Diego Contraras-Colderon (Exhibit A) and Herber Colin-Uribe (Exhibit B).)

38. Admit.

39. Admit.

40. Admit.

41. Deny.

42. Admit.

43. Admit.

44. Deny.

45. Admit.

46. Admit.

47. Deny.

# ARGUMENT AUTHORITIES

A.  **Standard for Summary Judgment.**

The Court may grant Summary Judgment only if there is no genuine dispute as to any material fact and if the moving party is entitled to Judgment as a matter of law. FED. R. CIV. P. 56 (a). The moving party has the burden of showing that there is no genuine dispute as to the material facts. Cellotex Corp. v. Catrett, 477.US317,106 SUP.CT.2548. (1986). "The evidence, as well as the inferences that may be drawn from the evidence must be viewed in the light most favorable to the party that opposing the motion for summary judgment" Little v. Liquid Air Corp, 952F.2d 841, 847 (5 Cir 1992). "If the evidence would permit a reasonable trier of fact to find for the nonmoving party, then summary judgment should not be granted" Anaya v. Traylor Bros., Inc., 478R.3d 251, 253 (5Cir 2007).

B.  **There is a genuine dispute of material fact as to whether or not the amount of unpaid contributions alleged by Plaintiffs are correct.**

Summary Judgment in this case would be improper as there is a genuine dispute of material fact as to whether or not the total amount of unpaid contributions claimed by the Plaintiff is correct. As established by the Affidavits of Diego Contraras-Colderon and Herber Colin-Uribe, during the year of 2015, which occured during the Audit Period as alleged by Plaintiffs, both employees performed certain work and hours which were not bargaining unit work which required contributions on the part of Defendant. Both Affidavits establish that there are at least 823.5 non-bargaining unit hours performed by Diego Contraras-Colderon and 280 non-bargaining unit work hours performed by Herber Colin-Uribe on behalf of Defendant during the entire year of 2015. Defendant was not required to pay contributions for these hours as they were not bargaining unit work requiring contributions under the CBA's. In addition to this, the

liquidated damage amount and interest amount claimed by Plaintiff is presumably based on the incorrect amount of unpaid contributions claimed by the Plaintiff in this law suit. Therefore, there is also a genuine issue of material fact as to whether or not those amounts claimed by Plaintiff are correct.

While Defendant admits there are some amounts that are owed as a result of its failure to make contributions as required by the CBA, it disputes the amount that is alleged by the Plaintiff's in this suit as there are Affidavits from the workers themselves admitting that some of the work they performed during the year of 2015 was non-bargaining unit work.

Defendant agrees that Plaintiff has the standing to bring this cause of action and that the cause of action is allowed pursuant to the CBA's and Federal law. However, the amounts alleged by the Plaintiff are contested by the Defendant and, as the Affidavits of the workers themselves show, there is a genuine dispute of material fact as to whether or not these amounts are correct or whether the employees actually performed bargaining unit work during the alleged Audit Period.

WHEREFORE Defendant prays that this court deny Plaintiff's Motion for Summary Judgment as there is a genuine dispute of material fact which requires a trial on the merits herein and for any other relief the Court deems just and proper.

    McElligott Ewan & Hall,
    A Professional Corporation

    /s/ Eric Roby
    Eric Roby - #56582
    Three Trails Law Building
    233 West Walnut
    Independence, Missouri  64050
    (816) 833-1222
    FAX (816) 836-2437
    E-MAIL eric.roby@mehkpclaw.com
    ATTORNEY FOR DEFENDANT
    LAN-TEL COMMUNICATIONS, INC.

Certificate of Mailing

      I hereby certify that on this 2nd day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: John J. Westrehaus, Arnold, Newbold, Winter & Jackson, P.C., Attorney for Plaintiff.

      /s/ Eric Roby
      Eric Roby