IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | **NO.: 16-1258-CV-W-JTM** |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**REPLY SUGGESTIONS IN SUPPORT
OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

John J. Westerhaus, MO Bar No. 65266
ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:   816-421-5788
Facsimile:   816-471-5574

**ATTORNEY FOR PLAINTIFFS**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................ii

ARGUMENT AND AUTHORITIES .............................................................3

    **I.** **Lan-Tel's Factual Objections are Improper under the Federal Rules and Must Be Rejected** ............................................................................3

    **II.** **Even with every reasonable inference drawn in its favor, Lan-Tel's objections do not demonstrate a genuine dispute of material fact** ...................5

    **III.** **The appropriate remedy is a granting of Plaintiffs' Motion for Summary Judgment under Fed. R. Civ. P. 56(e)** ............................................10

CERTIFICATE OF SERVICE ...................................................................11

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | **NO.: 16-1258-CV-W-JTM** |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs, Kansas City Cement Masons Pension Fund, Cement

Masons and Plasterers Local 518 Health Care Fund, Cement Masons and Plasterers

Local 518 Vacation Fund, and Cement Masons Apprenticeship and Training Fund

(collectively, "Plaintiff Funds") and their respective Trustees by and through their

attorneys of record, and provide their Reply Suggestions in Support of their Motion for

Summary Judgment against Defendant Lan-Tel Communications Services, Inc. ("Lan-

Tel"), state:

In its Suggestions in Opposition to Plaintiff's Motion for Summary Judgment (ECF

No. 20), Lan-Tel is wholly non-compliant with Federal Rule of Civil Procedure 56 and

this Court's Local Rule 56.1(b). Those rules require Lan-Tel to address Plaintiffs'

assertions of fact and support its own factual positions by "citing to particular parts of

materials in the record", Fed. R. Civ. P. 56(c)(1)(A). None of Lan-Tel's assertions meet

this standard. Many of its denials are entirely unsupported (*see* Defendant's Statement

of Undisputed Facts, Nos. 9-13, 41, 44, and 47); where Lan-Tel does cite to exhibits, there are no citations to "particular parts" of those materials as required by the Rules. Lan-Tel's failure to properly address Plaintiff's factual assertions or support its own assertions permit this Court to consider the Plaintiffs' facts undisputed for this motion. Fed. R. Civ. P. 56(e); *see also* Local Rule 56.1(b)(1) ("[u]nless specifically controverted by the opposing party, all [movant's facts] are deemed admitted for the purpose of summary judgment."). With no material facts in dispute, and having met its burden under Rule 56(a), Plaintiffs are entitled to summary judgment.

However, even if this Court were to accept as sufficient Lan-Tel's general citations to its exhibits (*see* Defendant's Statement of Undisputed Facts, Nos. 7, 14-15, 17, 32-33, 37), Plaintiffs' are still entitled to summary judgment. Lan-Tel's facts must be viewed in the light most favorable to Lan-Tel "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). But there is no genuine dispute here. Lan-Tel admits that there "are some amounts that are owed as a result of its failure to make contributions as required by the CBA" (ECF No. 20, at 6), and then fails to provide any detail as to the number of hours it admits or disputes, or explain the relevance of its exhibits to Plaintiffs' damages calculation. Even a generous reading of its submissions reveal no substantive dispute. Lan-Tel's metaphysical doubts as to the factual issues or evidence are insufficient to defeat a motion for summary judgment. *See Scott v. Harris*, 550 U.S. at 380; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Food Mkt. Merch., Inc. v. Scottsdale Indem. Co.*, 857 F.3d 783, 786 (8th Cir. 2017). Summary Judgment should therefore be granted to Plaintiffs, for the reasons set forth below.

## ARGUMENT AND AUTHORITIES

**I.      Lan-Tel's Factual Objections are Improper under the Federal Rules and Must Be Rejected**

Federal Rule of Civil Procedure 56 and this Court's Local Rule 56.1(b) set forth the standard for showing that a fact asserted in a motion for summary judgment is genuinely disputed. Fed. R. Civ. P. 56(c)(1) provides that a party asserting a genuine dispute of fact "must support the assertion by (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence of a genuine dispute[.]" Local Rule 56.1(b)(1) requires any opposing party controverting a given fact to properly support its denial in accordance with Fed. R. Civ. P. 56(c). Every objection Lan-Tel asserts wholly fails to comply with these rules.

Some of the denials set forth in Lan-Tel's Suggestions in Opposition (ECF No. 20) lack any citation to the record and are *per se* improper under the Federal and Local Rules set forth above:

| | | | |
|---|---|---|---|
| 9. | Deny. | 41. | Deny. |
| 10. | Deny. | … | |
| 11. | Deny. | 44. | Deny. |
| 12. | Deny. | … | |
| 13. | Deny. | 47. | Deny. |

These denials may lack particularity because they're unsupportable. It's unclear, for example, why or how Lan-Tel would dispute the audit costs (¶44) or attorney's fees (¶47) incurred by Plaintiffs to date. Nevertheless, Lan-Tel is required to "do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. at 380; *see also Food Mkt. Merch., Inc. v. Scottsdale Indem. Co.*, 857 F.3d 783, 786 (8th Cir. 2017). Blanket denials fail to make such a showing, and Lan-Tel's denials to these paragraphs should be categorically rejected. Fed. R. Civ. P. 56(e).

However, even where Lan-Tel does cite generally to a record in its Suggestions in Opposition (*see* ECF No. 20, Nos. 7, 14-15, 17, 32-33, and 37), its citations are still improper under Federal Rule of Civil Procedure 56 and this Court's Local Rule 56.1(b). Lan-Tel offers Affidavits ("the Affidavits") signed by two of the six workers whose hours are in dispute (Diego Contreras-Calderon, Exhibit 20-A, and Heber Colin-Uribe, Exhibit 20-B).[1] But Lan-Tel's citations are to the Affidavits as a whole – not the "particular parts" of those materials required by Fed. R. Civ. P. 56(c)(1)(A). Moreover, Lan-Tel does not explain how – or which parts of – the Affidavits support its assertions of a genuine dispute. They are offered as proof of *something, somehow,* but only Lan-Tel knows exactly what.

Failure to comply with Rule 56(c) can result in this Court (a) considering the fact undisputed for purposes of the motion, (b) granting summary judgment if the motion and materials show Plaintiff is entitled to it, or (c) the issuance of any other appropriate order. Fed. R. Civ. P. 56(e). Although the Court may also give Lan-Tel an opportunity to properly support or address the fact, Lan-Tel should not be afforded this opportunity. First, Lan-Tel *cannot* provide proper support for its assertions. It has conducted no discovery or depositions. It did not cite to the record in many instances because Lan-Tel *has* no record. Meanwhile, Plaintiffs' factual record (as submitted with its motion) consists of deposition transcripts for the disputed workers and audit findings based on Lan-Tel's own books, timesheets, and reports. If there were witnesses or documents that supported Lan-Tel's case, they would have been deposed and/or produced. But Lan-Tel has not done so.

---

[1] Lan-Tel's basis for objecting to the hours worked by the other four workers – Eric Ulmer, Kevin Martin (¶13), Jose Colin (¶9), or Claudio Flores Gonzalez (¶12) – remains a mystery.

Second, Lan-Tel is a represented party. Though *pro se* submissions are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* parties are still required to adhere to the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (*citing Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *see also DePugh v. Clemens*, 966 F. Supp. 898, 900 (W.D. Mo.), *aff'd,* 129 F.3d 121 (8th Cir. 1997). Where *pro se* parties have failed to adequately controvert the factual assertions of the opposing parties, courts have deemed the assertions admitted. *Witte v. Culton*, No. 4:11CV02036 ERW, 2013 WL 639309, at *3 (E.D. Mo. Feb. 21, 2013) (*citing Jones v. United Parcel Serv., Inc.* 461 F.3d 982, 991 (8th Cir.2006)). Lan-Tel should be held to a more stringent standard than *pro se* parties.

The non-moving party "must be given the benefit of all reasonable inferences," *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir.1991), but only if there is "a 'genuine' dispute as to those facts," *Scott v. Harris*, 550 U.S. 372, 380 (2007), and not just some metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Lan-Tel's submission does not identify a genuine dispute, so it is not entitled to reasonable inferences in its favor. Consequently, this Court is permitted to grant summary judgment on the merits of Plaintiffs' motion pursuant to Fed R. Civ. P. 56(e)(3).

## II. Even with every reasonable inference drawn in its favor, Lan-Tel's objections do not demonstrate a genuine dispute of material fact

Even if this Court could accept Lan-Tel's general citations to the Affidavits as sufficiently particular for purposes of Fed. R. Civ. P. 56(c)(1)(A), there still is no "genuine" dispute as to the facts in this matter. Lan-Tel admits that there "are some amounts that are owed as a result of its failure to make contributions as required by the

CBA" (ECF No. 20, at 6), so the only question to be resolved is the amount owed. Lan-Tel's Affidavits do nothing to resolve the matter because the auditor <u>already accounted for and removed</u> the non-collectively bargained hours identified in the Affidavits. In short, the Affidavits do not evidence a genuine dispute *because Plaintiffs are not and have never claimed contributions are owed on these non-bargained hours.*

### a. Diego Contreras Calderon

Exhibit A of Lan-Tel's Suggestions in Opposition (ECF No. 20) is an affidavit of Diego Contreras-Calderon, which states that he did not perform cement mason bargaining unit work "for the hours set out in this affidavit" between March and September, 2015 (ECF No. 20-A, ¶2):

| 03/2015 | 04/2015 | 05/2015 | 06/2015 | 07/2015 | 08/2015 | 09/2015 | TOTAL |
|---------|---------|---------|---------|---------|---------|---------|--------|
| 19.00 | 93.50 | 158.00 | 109.00 | 156.50 | 185.00 | 102.50 | **823.50** |

Lan-Tel claims that the Affidavit shows a genuine issue of material fact, because contributions are not required for any non-bargaining unit work performed during these months (ECF No. 20, at 5). Plaintiffs agree that if these hours had been included in the audit, Lan-Tel might have a genuine issue of fact to raise. But these hours were **not** included in the audit, and Plaintiffs' claims are based only on the collectively bargained work performed by Mr. Contreras-Calderon:

- Plaintiffs make no claim for contributions for hours worked by Mr. Calderon in March, April, May, June, July, or August of 2015. (Heyen Aff., ECF No. 17-H, Exhibit 2, page 4).

- The 58 hours claimed by Plaintiffs for October 2015 is outside the scope of Mr. Calderon's Affidavit. (Heyen Aff., ECF No. 17-H, Exhibit 2, page 4). Mr.

Calderon's deposition indicated he worked *exclusively* as a concrete laborer and finisher for Lan-Tel during the Audit Period (Contreras-Calderon Dep., ECF No. 17-E, at 4:19-5-10; 8:3-9:5), which is work covered by the collective bargaining agreement (Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18). Lan-Tel's own timecards show that that he was reported as a Local Union 518 concrete finisher the entire month of October 2015. This Affidavit does not help Lan-Tel refute these facts.

- Lan-Tel's timecard records show that Mr. Calderon worked a total of 171.50 hours in September 2015. Per the affidavit, 102.50 of those hours were not collectively bargained. However, Mr. Calderon's remaining 69 hours *were* collectively bargained (*see* Contreras-Calderon Dep., ECF No. 17-E, at 4:19-5-10; 8:3-9:5; Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18), and Lan-Tel was required to make contributions accordingly. The auditor's inspection of Lan-Tel's books and records showed that it only made no contributions on these hours, and the 69 hour difference is *exactly* the amount claimed on the audit. (*See generally* Heyen Aff., ECF No. 17-H, at ¶¶6-8; ECF No. 17-H, Exhibit 2, page 4).

The affidavit, therefore is completely irrelevant to the dispute because Plaintiffs are only seeking contributions owed for Mr. Calderon's collectively bargained work.

### b. Heber Colin-Uribe

Exhibit B of Lan-Tel's Suggestions in Opposition (ECF No. 20) is an affidavit of Heber Colin-Uribe, which states that he did not perform cement mason bargaining unit work "for the hours set out in this affidavit" between March and September, 2015 (ECF No. 20-B, ¶2):

| 05/2014 | 06/2014 | 07/2014 | Total |
|---------|---------|---------|-------|
| 144.00 | 127.50 | 8.50 | 280.00 |

Again, Lan-Tel claims that this affidavit shows a genuine issue of material fact, because contributions are not required for any non-bargaining unit work performed during these months (ECF No. 20, at 5). But like Mr. Calderon's situation described above, these hours were also **not** included in the audit:

- Plaintiffs make no claim for contributions for hours worked by Mr. Colin-Uribe in May or June of 2014. (Heyen Aff., ECF No. 17-H, Exhibit 2, page 3), and Lan-Tel's own timecards show that that he was reported as a Local Union 518 concrete finisher for all of July, 2014.

- Lan-Tel's timecard records show that Mr. Colin-Uribe worked a total of 153 hours in July, 2014. Per the affidavit, 8.50 of those hours were not collectively bargained. However, Mr. Colin-Uribe's remaining 144.50 hours *were* collectively bargained (*see* Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18), and Lan-Tel was required to make contributions accordingly. Lan-Tel's books and records showed that it only made contributions on 112.50 hours. This difference of 32 hours is *exactly* the amount claimed on the audit. (*See generally* Heyen Aff., ECF No. 17-H, at ¶¶6-8; ECF No. 17-H, Exhibit 2, page 3.)

The affidavit, therefore, is completely irrelevant to the dispute because Plaintiffs are only seeking contributions owed for Mr. Colin-Uribe's collectively bargained work.

### c. Jose Colin

Plaintiffs submitted a deposition transcript showing that Jose Colin worked exclusively as a concrete finisher for Lan-Tel during the Audit Period (Colin Dep., ECF

No. 17-C, at 7:11-7:24), which is collectively bargained work (Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18). An independent auditor reviewing Lan-Tel's own records found that Lan-Tel had failed to properly pay all employee benefit contributions due and owing Plaintiffs for Mr. Colin's work. Lan-Tel has offered no evidence refuting the contents of Mr. Colin's deposition or the audit findings.

### d. Kevin Martin

Plaintiffs submitted a deposition transcript showing that Kevin Martin worked exclusively as a concrete finisher for Lan-Tel during the Audit Period (Martin Dep., ECF No. 17-G, at 7:7-7:21), which is collectively bargained work (Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18). An independent auditor reviewing Lan-Tel's own records found that Lan-Tel had failed to properly pay all employee benefit contributions due and owing Plaintiffs for Mr. Martin's work. Lan-Tel has offered no evidence refuting Mr. Martin's deposition or the audit findings.

### e. Claudio Flores-Gonzalez

Plaintiffs submitted a deposition transcript showing that Claudio Flores-Gonzalez worked exclusively as a concrete finisher for Lan-Tel during the Audit Period (Flores Gonzalez Dep., ECF No. 17-F, at 7:11-7-25), which is collectively bargained work (Kirkpatrick Aff., ECF No. 17-B, at ¶¶17-18). An independent auditor reviewing Lan-Tel's own records found that Lan-Tel had failed to properly pay all employee benefit contributions due and owing Plaintiffs for Mr. Flores-Gonzalez's work. Lan-Tel has offered no evidence refuting Mr. Flores-Gonzalez's deposition or the audit findings.

### f. Eric Ulmer

An independent auditor reviewing Lan-Tel's own records found that Lan-Tel had failed to properly pay all employee benefit contributions due and owing Plaintiffs for Mr. Ulmer's work. Lan-Tel has offered no evidence refuting the nature of Mr. Ulmer's work or the audit findings.

### III. The appropriate remedy is a granting of Plaintiffs' Motion for Summary Judgment under Fed. R. Civ. P. 56(e)

Given these facts, this Court should grant summary judgment for Plaintiffs. Eliminating all of Defendant's objections as improper allows the Court to consider them as undisputed, and Plaintiffs' undisputed facts and submitted record show that they are entitled to the relief requested. Fed. R. Civ. P. 56(e)(2)-(3). Plaintiff has shown that there is no genuine dispute as to any material facts:

- Lan-Tel had a binding agreement to make employee benefit plan contributions to Plaintiffs for its workers performing work covered by the collective bargaining agreements;

- Lan-Tel employed cement masons that performed work covered by the collective bargaining agreement, but failed to make all employee benefit plan contributions due and owing to Plaintiffs' for that work;

- The amount of unpaid contributions owed Plaintiffs' was calculated by an independent auditor, based on an inspection of Lan-Tel's own books, records, and contribution history; and

- By agreement, Lan-Tel's failure to properly pay the correct employee benefit plan amounts to Plaintiffs' obligates it to pay liquidated damages and interest on the unpaid sum, plus Plaintiffs' audit costs, attorney's fees, and other costs.

All of the above facts (and others) were set forth in painstaking detail in Plaintiffs' motion with citations to the record. Lan-Tel's objections to those facts are hypothetical at best and should be rejected.

**Respectfully Submitted,**


**ARNOLD, NEWBOLD, WINTER
& JACKSON, P.C.**


*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:   816-421-5788
Facsimile:    816-471-5574
*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE


      I hereby certify that on February 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Mr. Eric Roby, MCELLIGOTT, EWAN, HALL & KIMMINAU, P.C., Attorney for Defendant.

*/s/ John J. Westerhaus*
John J. Westerhaus