# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| LAN-TEL COMMUNICATIONS SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

Civil Action Number
16-01258-CV-W-JTM

## **ORDER**

On November 30, 2016, the Kansas City Cement Masons Pension Fund, the Cement Masons and Plasters Local 518 Health Care Fund, the Cement Masons and Plasterers Local 518 Vacation Fund, and the Cement Masons Apprenticeship and Training Funds (collectively the "Union Funds") brought the instant action against Lan-Tel Communications Services, Inc. ("Lan-Tel") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. The Union Funds allege that Lan-Tel employed six individuals[1] between January 1, 2013 and December 31, 2015 as "cement mason" employees performing concrete work as defined in certain collective bargaining agreements ("CBAs") to which Lan-Tel had agreed to be bound. However, according to the Union Funds, Lan-Tel has failed to make appropriate contributions to the respective employee benefit plans for the concrete work performed by the individuals. Currently pending before the Court is a motion for summary judgment [Doc. 16] filed by the Union Funds.

---

[1] Jose Colin, Kevin Martin, Eric Ulmer, Herber Colin-Uribe, Diego Contreras-Calderon, and Claudio Flores Gonzales.

The Federal Rules of Civil Procedure provide that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a) (*emphasis added*). Thus, while motions for summary judgment are typically advanced by defendants, the remedy afforded by Rule 56 is equally available to a plaintiff. *Compare Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 988 (S.D. Tex. 1997) (noting that a plaintiff's motion for summary judgment is an "unusual pretrial motion"). The test for granting a plaintiff's Rule 56 motion is identical to a defensive Rule 56 motion:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(a).

In the Union Funds' motion for summary judgment, several salient facts are asserted, all supported by appropriate Rule 56 supporting evidence. FED. R. CIV. P. 56 (c)(1)(A). In response, Lan-Tel admits many of those facts. As such, there is no genuine issue that:

(1) During the relevant time period, Lan-Tel was bound to certain CBAs that required Lan-Tel to contribute to the Union Funds "various sums per hour for each cement mason employee performing work under" one of the CBAs.

(2) During the relevant time period, Lan-Tel employed the six subject employees to work as cement masons and, indeed, Lan-Tel specifically has responded to the pending summary judgment motion by asserting that it "admits that those employees performed cement mason's work for which Lan-Tel was required to make contributions to the [Union Funds]."

(3) The Union Funds are the proper entities to sue for and receive unpaid contributions under the respective CBAs.

(4) Pursuant to the CBAs and other agreements, Lan-Tel agreed to be bound to pay liquidated damages, interest, audit costs, and attorney's fees and costs on late paid or unpaid contributions to the Union Funds.

(5) The Construction Benefits Audit Corporation ("CBAC") prepared an audit of the unpaid contributions, liquidated damages, and interest due by Lan-Tel for the relevant time period.

Despite these issues, Lan-Tel, however, purports to dispute the amounts owed by it to the Union Funds.

The CBAC audit was performed by Abby Heyen, a payroll auditor. As set in Ms. Heyen's affidavit filed with the Court, her audit concluded that Lan-Tel's failure to make employee benefit plan contributions for work covered by certain CBAs resulted in Lan-Tel being obligated to pay $5,409.87 in contributions, $860.04 in liquidated damages, $94.99 in interest. Ms. Heyen further delineated the total cost of the audit as $8,025.00.[2]

In response to the summary judgment motion, Lan-Tel has provided the Court with affidavits from two of the six subject employees. In one affidavit, Diego Contreras-Calderon states that he did not perform cement mason bargaining unit work for some hours that he worked for Lan-Tel during the months of March 2015 through September 2015. In a second affidavit, Heber Colin-Uribe states that he did not perform cement mason bargaining unit work for some hours that he worked for Lan-Tel during the months of May 2014 through July 2014. The evidence provided by Lan-Tel does not establish a genuine issue of material fact as to the issue before the Court.

With regard to Mr. Contreras-Calderon, Ms. Heyen's calculations do not attribute any unpaid "cement mason" hours to Mr. Contreras-Calderon between January 2015 and August 2015. With regard to September of 2015, Ms. Heyen's audit disclosed that Mr. Contreras-Calderon worked 69.00 hours as a cement mason for which no contributions were made by Lan-Tel. According to his affidavit, Mr. Contreras-Calderon worked 102.50 hours for Lan-Tel in

---

[2] In addition, the Union Funds have provided evidence to support attorney's fees and costs totaling $22,667.32.

September of 2015 which did not involve cement mason bargaining unit work. However, Mr. Contreras-Calderon does not state that the specific 69.00 hours that were included in Ms. Heyen's calculation did not involve cement mason bargaining unit work nor that there is any overlap between two figures.[3] It is mere conjecture and guesswork for the Court to reach a conclusion that Mr. Contreras-Calderon did not perform any cement mason work for Lan-Tel in September of 2015.

> In order to create an issue for trial the nonmoving party must produce sufficient evidence to support a verdict in his favor based on more than speculation, conjecture, or fantasy.

*Doe v. Department of Veterans Affairs*, 519 F.3d 456, 460 (8th Cir. 2008).

With regard to Mr. Colin-Uribe's affidavit, the analysis is even simpler. Mr. Colin-Uribe asserts that he did not perform cement mason bargaining unit work for certain hours worked during the months of May 2014 through July 2014. To that end, Ms. Heyen's calculations do not show any such hours in May or June of 2014. Ms. Heyen's calculations do show that Mr. Colin-Uribe worked as a cement mason for 32.00 hours in July of 2014, but Ms. Heyen's spreadsheet also shows that those hours <u>were properly contributed to</u> by Lan-Tel. Those hours were excluded by Ms. Heyen from her damage figures.

While a summary judgment in favor a plaintiff is not the norm, in this case, the Union Funds – citing to specific parts of materials in the record (including depositions and affidavits) –

---

[3] In its reply suggestions, the Union Funds argue Mr. Contreras-Calderon's timecard records show that he worked for Lan-Tel a total of 171.50 hours in September of 2015, and that is consistent with Mr. Contreras-Calderon working 102.50 hours on activities that did not involve cement mason bargaining unit work and working 69.00 hours on activities that did involve cement mason bargaining unit work. However, Mr. Contreras-Calderon's timecard is not part of the summary judgment record so the Court did not rely upon that analysis. Instead, the Court's analysis is anchored in the failure of Lan-Tel's summary judgment evidence to adequately create a disputed fact.

have shown that there is no genuine dispute as to any material fact and the Union Funds are entitled to judgment as a matter of law. Lan-Tel's response fails to change that conclusion.[4]

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment, filed January 2, 2018 [Doc. 16] is GRANTED. Judgment is GRANTED in favor of Plaintiffs and against Defendant in the amount of $36,537.70 pursuant to ERISA Sections 502 and 515.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**

---

[4] At the direction of the Court prior to issuing this Order, the Clerk of the Court has temporarily placed Document 17-1, Document 20-1, and Document 20-2 under seal. In reviewing the summary judgment evidence submitted by the parties, the Court discovered that both parties filed documents with the Court that contained the personally identifiable information of various witnesses. Counsel for both parties are directed to review Fed. R. Civ. P. 5.2 as well as this Court's Privacy Notice. Further, while these documents are under seal, counsel shall email appropriately redacted versions of their present summary judgment evidence to the Clerk of the Court to robin_jones@mow.uscourts.gov. Thereafter, the Clerk of the Court shall substitute the redacted versions and lift the seal in this matter.